TUTTLE v. THE IND. SCHOOL DIST. OF HARLAN ET AL.

DAVIDSON ET AL. v. SAME AND ROBERTSON, INTERVENOR.

1. **Contract to Build House**: ABANDONMENT OF BY CONTRACTOR AND ASSIGNMENT TO SURETIES: EQUITIES AS BETWEEN SURETIES AND CREDITORS. Where a building contractor abandoned his work, and, for the purpose of protecting his sureties, assigned his contract and turned over the work to them, with the understanding that they should finish the building, and with the money received upon the contract pay for the materials and labor furnished, and account to him for the profits, if any, *held* (1) that "the materials and labor furnished" had reference to what should be furnished at the times the several installments became due under the contract, and not to what was furnished at the time of the assignment; (2) that the sureties became trustees for the completion of the work, and that, as such, they had the right to use the money arising from the contract to execute their trust; that is, to complete the building; and that persons who had, prior to the assignment, furnished materials to the contractor, could not in equity, without having established a prior lien, demand the contract money needed to complete the building, for the purpose of paying the contractor's indebtedness to them for the material so furnished; (3) that the equities were no stronger of a material-man who held an order, given by the contractor before his assignment, upon an installment of the contract money, which did not become due until it had been earned by the work and expenditures of the trustees.

*Appeal from Shelby District Court.*

Tuesday, December 11.

Action in equity to establish an equitable right to a certain fund. There was a decree for the defendants. The plaintiffs and intervenor appeal.

*Wright, Cummins & Wright, A. K. Riley* and *D. O. Stuart,* for appellants.

*Smith & Cullison, Platt Wicks* and *Dyer & Fitchpatrick,* for appellees.

Adams, J.—The fund in controversy is in the hands of the Independent School District of Harlan. It is money due from the district for building a school house. The district occupies a neutral position, and is ready to pay the money to such person or persons as the court shall determine to be entitled to it. The plaintiffs in the respective actions and the intervenor claim the fund as against the defendants, J. A. Fitchpatrick, A. K. Banks, J. A. King, J. F. Myers and L. Soderland.

In July, 1881, Solon Bryan, who is made defendant herein, entered into a contract to build a school house for the Independent School District of Harlan. At the same time he gave the district a bond for the performance of his contract. Fitchpatrick, Banks, King, Myers, and Soderland were sureties upon the bond. Bryan commenced work soon after the execution of the contract, and continued until after four estimates were made and paid, the last estimate in his favor being dated November 30, 1881. After that, Bryan's work proved to be unsatisfactory, and the architect and superintendant, William Foster, refused to give Bryan another estimate, and notified the sureties of Bryan's failure to do satisfactory work, and that he had refused to give him a fifth estimate. The sureties, in order to protect themselves, took from

Bryan, in February, 1882, an instrument, by which he assigned to them his interest in the contract with the district, and authorized them to receive all money due or to become due under the contract, providing, however, that they should receive the same "for the purpose only of paying for material and labor furnished in the said building," and the profits, if any, were to be paid to Bryan.

In the following month they took from him another instrument, by which he conveyed to them all the material on the ground, and all his interest in the contract, without any reservation as to profits. Bryan at the same time turned the work over to them, and they proceeded and completed the building. The job proved to be an unfortunate one. The contract price was $18,000. The district paid Bryan $8,415 on the estimates given to him, leaving only $9,585 to be paid afterwards; and the completion of the building cost $13,750. The sureties, appellees herein, claim that, under the assignment from Bryan, they are entitled to what remains due from the district, and that they need it all, and more too, to save themselves from loss. The plaintiffs and the intervenor, Robertson, appellants herein, are creditors of Bryan, having become such for material furnished for the building, and they claim what remains due from the district, or so much thereof as may be necessary, to pay them as such creditors.

Under the first contract between Bryan and the appellees, they were to receive the money due and to become due from the district, and use the same "for the purpose of paying for the material and labor furnished," and paying to Bryan the profits, if any. The appellants contend that the parties meant, by "material and labor furnished," the material and labor furnished prior to the execution of the contract, and that only. But we do not think that this position can be sustained. If that was all that the parties meant, it would appear that a disposition of a portion of this money was unprovided for. We think that, by "material and labor furnished," the parties meant material and labor furnished at

the time the money should be received. This construction violates no grammatical rule, and it makes the contract reasonable and consistent. Had there been profits, as the first contract between Bryan and the appellees contemplated was possible, it seems to us that the rights and obligations would have been clear. By profits was meant, of course, what the contract price should exceed the entire cost. The appellees should, we think, if there had been money enough, have paid whatever was due to any one as part of the cost, and the balance as profits to Bryan. The appellants should, we think, in such case have been paid. But the cost appears to have exceeded the contract price; and, what is more, the amount to be paid the appellees was not sufficient to pay the cost *incurred by them.*

The question presented is as to whether the appellants, as creditors of Bryan, have a right to be paid out of the fund remaining in the hands of the district, notwithstanding the appellees are short in any event, and such payment would increase their shortage. In our opinion they have not. Whatever obligation, if any, was assumed by the appellees in favor of the appellants, was assumed by them as trustees. Now, trustees may always be allowed their proper expenditures made in the execution of their trust. The execution of the trust in question required the completion of the building. Fifteen per cent of the contract price had been reserved to be paid only upon the completion of the building. The reserved fifteen per cent earned by Bryan appears to have been, at the time he abandoned the work, in a substantially wrecked condition. The appellees undertook to save it for him and his creditors. To do so, it was necessary for them to incur liabilities and make advances. They did save it. But, unfortunately, the trust fund is insufficient to pay the claims charged on it. This, however, is not the fault of the appellees. They have saved the fund that was in peril, and earned the balance. As they have made no expenditures except in the legitimate discharge of their duty,

it seems to us that it would be a harsh rule to hold that their right to reimbursement is inferior to that of mere beneficiaries under the provisions of the trust which they assumed. It is contended, to be sure, by the appellants, that they are not such mere beneficiaries; that they had an equitable claim upon the fund before the trust was assumed, and which still exists independent of any contract between the appellees and Bryan. This theory is predicated upon the fact that the appellants furnished material which went into the building, and by reason of which the fifteen per cent reserved from Bryan's estimates was earned in part.

But it is not contended that appellants acquired any lien; and their mere equity we have already determined is inferior to that of the appellees, because the reserved fifteen per cent was saved only by the expenditures made by the appellees.

Wm. Davidson & Bros. set up a claim, which, in one respect, is different from that of the other appellants. They hold Bryan's order, drawn upon the district before the appellees took any assignment. They contend that the amount of their claim was set apart and virtually assigned to them by Bryan out of money to become due from the district, and that no assignment afterward to the appellees could affect their claim. This order, however, was made payable out of the fifth and sixth estimates, and these estimates never became due to Bryan. He never so far fulfilled his contract as to become entitled to them. An order certainly cannot operate as an assignment of a fund not due the drawer when the order is drawn, nor afterward.

In our opinion, the court did not err in dismissing the appellants' petitions.

AFFIRMED.